IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3026 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| THE UNITED NATIONS, and | ) | |
| EUROPEAN COUNTRIES | ) | |
| INVOLVED IN THE SLAVE | ) | |
| TRADE AND HELPING TO | ) | |
| ESTABLISH ISRAEL AS A | ) | |
| COUNTRY IN 1948, | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff filed his Complaint in this matter on January 28, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

    Plaintiff brings this complaint against the United States of America, the United Nations, and all "European Countries involved in the slave trade and helping to establish Israel as a country." (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that his ancestors were kidnaped from Africa and brought to the United States of America as slaves. As a result, he is a man with "no identity or nationality." (*Id.* at CM/ECF p. 2.) Plaintiff alleges that, "to further alienate [him] from [his] identity and heritage, the nation of Israel was falsely established in 1948." (*Id.*) Though somewhat unclear, as best as the court can tell, Plaintiff alleges that Israel should belong to him and his people. As relief, Plaintiff seeks court-ordered DNA testing to establish that he is "a

Hebrew, a Israelite of the descendants of the Israelites who inherited the land of Israel before the Roman Jewish War in A.D. 70." (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Here, Defendants are the United States of America and foreign sovereigns that are immune from suit. *See* 28 U.S.C. §§ 1602-1611. In addition, the acts for which Plaintiff seeks to recover (the enslavement of his people), as he admits, occurred

2

hundreds of years ago and consequently fall outside of any known statute of limitation. Finally, Plaintiff cannot clearly support the allegations in his complaint with any rational legal or factual theory. This lawsuit is frivolous within the meaning of 28 U.S.C. § 1915(e) and must be dismissed. The court finds that allowing Plaintiff an opportunity to amend his complaint would be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint is dismissed without prejudice because it is frivolous and fails to state a claim upon which relief may be granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 22nd day of May, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.